Requestor: Richard M. Gardella, Esq., Village Attorney Village of Scarsdale Village Hall Scarsdale, N Y 10583
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
In order to deal with the problem of parking ticket scofflaws, an amendment to the Village Code has been proposed to the effect that where there are three or more unanswered parking summonses or where a person has failed to appear regarding three or more parking summonses as required by the village court, a fine in addition to the penalty for the parking summonses would be imposed in an amount not to exceed $250 and/or a term of imprisonment imposed for a period of not more than 15 days for each summons. You have asked whether the proposed amendment is lawful.
The regulation and control of village streets and highways is a matter of State concern exclusively within the power of the State, except to the extent that the Legislature has delegated powers to political subdivisions and municipal corporations. People v Grant, 306 N.Y. 258,260 (1954). The provisions of the Vehicle and Traffic Law are deemed applicable and uniform throughout the State. Vehicle and Traffic Law § 1600. Local governments may not enact any local law, ordinance, rule or regulation in conflict with the Vehicle and Traffic Law unless expressly authorized by statute. Ibid.; 1985 Op Atty Gen (Inf) 61.
Vehicle and Traffic Law § 1640 authorizes villages and cities to regulate traffic within their borders. Penalties for violations of these regulations are set forth in section 1800 of the Vehicle and Traffic Law and are classified as traffic infractions. Id., § 1800(a). A schedule of penalties is set forth with increasing penalties for repeat offenders:
 "Every person convicted of a traffic infraction for a violation of any of the provisions of this chapter . . . shall for a first conviction thereof be punished by a fine of not more than one hundred dollars or by imprisonment for not more than fifteen days or by both such fine and imprisonment; for a conviction of a second violation, both of which were committed within a period of eighteen months, such person shall be punished by a fine of not more than two hundred dollars or by imprisonment for not more than forty-five days or by both such fine and imprisonment; upon a conviction of a third or subsequent violation, all of which were committed within a period of eighteen months, such person shall be punished by a fine of not more than three hundred dollars or by imprisonment for not more than ninety days or by both such fine and imprisonment . . .".
Id., § 1800(b).
Local governments are powerless to modify these maximum penalties through local enactments. Id., § 1600; People v Francis, 53 Misc.2d 606, 610
(Dist Ct Nassau Co 1967). Thus, the total of your local fines and penalties may not exceed these amounts.
We note that in a prior opinion we concluded that a municipality may authorize the attachment of a boot or locking device on vehicles to deal with scofflaws. Informal Opinion No. 93-34; 1981 Op Atty Gen (Inf) 229. The municipality may assess the reasonable cost of attaching and removing a boot used as part of a local traffic regulatory program. 1983 Op Atty Gen (Inf) 87. We found that there is little difference between the attachment of a boot and the towing of a vehicle in violation of traffic regulations, which is specifically authorized by provisions of the Vehicle and Traffic Law. 1981 Op Atty Gen (Inf) 229.
 "Both serve to withdraw temporarily the beneficial use of the vehicle. The use of a boot could be viewed as a necessary part of local traffic regulations required to deal with specific local conditions."
We conclude that a local government may not authorize fines for violations of parking regulations which exceed the maximum amounts set forth in section 1800 of the Vehicle and Traffic Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.